In re KESSLER & CO.

(District Court, S. D. New York. November 29, 1909.)

No. 10,268.

1. JOINT ADVENTURES (§ 1*)—RELATION OF PARTIES.
    Where claimants in bankruptcy agreed to subscribe for certain bonds and stock of a corporation on joint account, they became joint adventurers in the transaction; their legal rights and obligations being substantially those of partners.
    [Ed. Note.—For other cases, see Joint Adventures, Cent. Dig. § 1; Dec. Dig. § 1.*]

2. PARTNERSHIP (§ 89*)—ACCOUNTING—PARTNERSHIP ASSETS—LIEN.
    A partner has a lien on partnership assets for protection of his rights on settlement of the partnership accounts.
    [Ed. Note.—For other cases, see Partnership, Cent. Dig. § 137; Dec. Dig. § 89.*]

3. BANKRUPTCY (§ 185*)—TRANSFERS BY BANKRUPT.
    Where claimants and the bankrupts entered into a joint adventure to purchase certain corporate stocks and bonds, which were in fact entirely paid for by claimants, and the bankrupts voluntarily transferred to claimants the legal title to certain of the bonds and stock in controversy on receiving a part of the securities purchased, such transfer terminated the partnership lien existing between them, and hence the bankrupt's trustee was not entitled to recover the stock and bonds in controversy so transferred; claimants being only required to credit the value thereof on their claim against the bankrupts.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 234, 235; Dec. Dig. § 185.*]

In the matter of Kessler & Co., bankrupts. From a referee's order, awarding to the trustee in bankruptcy certain corporate shares in the possession of Cunliffe Bros., and, they being beyond jurisdiction, directing that no dividends be paid to them on their claim against the bankrupt estate until they surrendered the shares, they petition for review. Reversed.

See, also, 171 Fed. 751.

Winthrop & Stimson (George Roberts and Loring C. Chrystie, of counsel), for Cunliffe Bros.

Wallace Macfarlane and George H. Gilman, for trustee.

HOLT, District Judge. This is a petition to review an order of the referee, directing that the title to 105 shares of stock of the Beaver Land & Irrigation Company, in the possession of Cunliffe Bros., an English firm, is in the trustee of Kessler & Co., and that dividends upon the claim of Cunliffe Bros. be withheld until Cunliffe Bros. deliver to the trustee said 105 shares of stock.

Cunliffe Bros. and Kessler & Co., before the bankruptcy of Kessler & Co., entered into an arrangement to subscribe for $100,000 of bonds and $150,000 of stock of the Beaver Land & Irrigation Company on joint account. They thus became joint adventurers in this transaction, and their legal rights and obligations in relation to this purchase were in law substantially those of partners. Prior to the bankruptcy of

Kessler & Co., the Beaver Land & Irrigation Company had delivered to Kessler & Co. the entire 100 bonds and 1,500 shares of stock, in two certificates, of 750 shares each. Eighty-five of the bonds and 1,275 shares of stock had been paid for by drafts drawn by 'Kessler & Co. upon Cunliffe Bros. Kessler & Co. had divided equally the 85 bonds, sending $42,500 of the bonds to Cunliffe Bros. and retaining for themselves an equal amount. They also sent to Cunliffe Bros. one of the certificates for 750 shares of stock. Kessler & Co. then placed the remaining 15 of said bonds and the remaining certificate for 750 shares of stock in an envelope, and indorsed upon the envelope a statement to the effect that the 15 bonds and 225 shares of the stock were the property of the Beaver Land & Irrigation Company. Upon the bankruptcy of Kessler & Co. a receiver was appointed, who took into his possession the said bonds and stock remaining in the possession of Kessler & Co. Prior to the bankruptcy, as the acceptances of Cunliffe Bros. had matured, they had been renewed, and at the time of the bankruptcy there were outstanding $85,000 of such acceptances, which, upon maturity, were paid by Cunliffe Bros. After the bankruptcy the Beaver Land & Irrigation Company instituted reclamation proceedings against the trustee of Kessler & Co. to recover the 15 bonds and the 225 shares of stock which had not been paid for, and in such proceedings the trustee was directed to deliver said bonds and stock to the Beaver Company, which was done.

Thereafter Cunliffe Bros. brought a proceeding in this court to have delivered to them the remaining bonds and stock in the possession of the trustee, on the ground that they were partnership property, upon which Cunliffe Bros. had a lien as partners. This proceeding, after a hearing before the referee, was denied in this court, on the ground that, the parties to the joint adventure having agreed upon a distribution of the proceeds of the purchase, no partnership lien existed on the bonds and stock. The situation then was that Cunliffe Bros. and the trustee of Kessler & Co. each had $42,500 of bonds, and that Cunliffe Bros. had 750 shares of the stock, while the trustee of Kessler & Co. had but 525 shares of the stock, so that Cunliffe Bros. had received 225 shares more than Kessler & Co. Cunliffe Bros. subsequently purchased from the trustee of Kessler & Co. 7½ shares. The trustee then brought this proceeding, claiming that Cunliffe Bros. should deliver to him 105 of said shares, on the theory that Cunliffe Bros. had obtained twice that amount, which they had not paid for, and that the trustee was therefore entitled to one-half of such shares. The referee held that the trustee was entitled to said 105 shares, and, as Cunliffe Bros. are beyond the jurisdiction of this court, he ordered that no dividends be paid to Cunliffe Bros. on their claim proved against the bankrupt's estate until they turned over to the trustee the 105 shares. The question involved upon this motion is whether the referee's decision is correct.

Kessler & Co. and Cunliffe Bros., in this adventure, had the legal rights and liabilities of partners. Each partner has a lien on the partnership assets for the protection of his rights upon the settlement of the partnership accounts. Cunliffe Bros. having paid the entire $85,-000 which was paid for the bonds and stock, this court had previously

held that by the voluntary distribution of the bonds and stock between the parties the partnership lien was lost. The allotment of the full half of the stock, being 750 shares, to Cunliffe Bros. before it was entirely paid for, was undoubtedly in the expectation that it would be entirely paid for; but the fact remains that it was transferred to Cunliffe Bros., and that the legal title to that stock is in them. This court having previously held that the division by these joint adventurers of the proceeds of their purchase between them put an end to the partnership lien, and Cunliffe Bros. having by the voluntary act of Kessler & Co. obtained the legal title to the shares in controversy, I cannot see how the trustee has any legal right to recover the stock. If Kessler & Co. had furnished half the money with which the property was purchased, their trustee would be entitled to half the property, and therefore to the 105 shares in question; but, as they did not furnish any of the purchase money, Cunliffe Bros., if a suit at law were brought, could offset its claim for contribution. On the other hand, if the amount of stock which Cunliffe Bros. received in excess of the half to which they would have been entitled is to be regarded as undivided property of the joint adventure, still held by one of the parties, then Cunliffe Bros. have a lien upon the stock, in the nature of a partnership lien, and cannot be obliged to turn it over until their claim for contribution towards the expense of the joint adventure be paid. From any point of view, it seems to me that Cunliffe Bros. are entitled to retain the stock, but that its value should be credited upon their claim as filed. The fundamental fact in this case is that Cunliffe Bros. paid the entire amount which was paid for the purchase of this property, and that fact raises the weightiest possible equitable considerations in their favor in this case.

My conclusion is that the referee's order should be reversed, upon condition that Cunliffe Bros. credit the value of the 105 shares upon their claim filed against the bankrupts' estate.